454 P.2d 152

**STATE of Arizona, Appellee,**

v.

**Abedon SAIZ, Appellant.**

**No. 1793.**

Supreme Court of Arizona.

In Division.

May 5, 1969.

Philip M. Haggerty, Phoenix, and Murray Miller, Phoenix, of counsel, for appellant.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

UDALL, Chief Justice:

Abedon Saiz, defendant herein, was convicted of two counts of the illegal sale of narcotics in violation of A.R.S. § 36–1002.-02. Both sales were made to Ramon Ruelas, who at the time of the sales was a special employee (informer) of the State Narcotics Enforcement Division.

█ In this appeal from his conviction defendant charges that the court erred in two instances. His first contention concerns testimony given by William Kavanaugh, a state narcotics agent. On direct examination by the prosecuting attorney the following occurred:

"Q Is there a particular reason or not, sir, as to why a person like Mr. Ruelas who had been a narcotics addict would be of some value to you in making a particular sale such as this?

"A You mean why we would use a person like Mr. Ruelas to make a buy of narcotics, sir?

"Q Yes.

"A Yes, sir, actually Mr. Ruelas is very familiar with the narcotics and most

all agencies—narcotic agencies use people that have used narcotics or are using narcotics to make buys from people that might be selling narcotics because there is a lot of times that these people are asked to maybe use a little narcotics themselves right at the time."

Following the above testimony defendant made a motion for a mistrial on the ground that the answer given by the witness was highly inflammatory, highly prejudicial, immaterial and a deliberate attempt by the prosecution to plant the idea in the minds of the jurors that defendant had been selling narcotics previously. Defendant now contends that the court erred in denying the motion for a mistrial. It is our opinion that the court properly denied the motion. The question, which was not objected to by defendant, was designed to determine why Ruelas was selected to assist the narcotics officers. The answer was that agencies use men such as Ruelas to make buys from persons who "might be selling" because of the possibility that they will be required to use some of the drug they are purchasing. Defendant was not mentioned in the statement, no indication was made that he had previously sold narcotics, and we feel it is highly unlikely that any such inference would be drawn by the jurors.

While defendant was awaiting trial Ruelas was arrested and placed in the same jail cell with defendant and several others. Ruelas testified that defendant approached him in the cell, accused him of "ratting" on him, and then attacked him with his fists. An eye witness to the incident stated that after the police took Ruelas out of the cell defendant said: "I wish I'd had a few more minutes with the punk and I'd have killed him for snitching." Defendant contends that the evidence of the beating was unrelated to the offense for which he was being tried and was introduced merely to prejudice the jury against him and show that he was a "bad man." He charges that the court committed reversible error by admitting the evidence.

Defendant's conduct in beating Ruelas indicates a consciousness of guilt and is a fact which the jury may consider as raising an inference that he is guilty. Like evidence of flight or the destruction or fabrication of evidence by a defendant it is an admission of guilt by conduct. State v. Sowards, 99 Ariz. 22, 406 P.2d 202 (1965); State v. Loftis, 89 Ariz. 403, 363 P.2d 585 (1961). See also State v. Nelson, 182 Neb. 31, 152 N.W.2d 10 (1967) where it was said:

"Evidence of threats made to, or of an assault made upon, a witness by defendant is admissible. See, Blair v. State, 72 Neb. 501, 101 N.W. 17; Woodruff v. State, 72 Neb. 815, 101 N.W. 1114; Welter v. State, 112 Neb. 22, 198 N.W. 171; United States v. Howard, D.C., 228 F. Supp. 939; 22A C.J.S. Criminal Law § 633, p. 483; Annotation, 62 A.L.R. 136."

Affirmed.

LOCKWOOD, V. C. J., and McFAR-LAND, J., concur.