502 P.2d 1319

STATE of Arizona, Appellee,

v.

William "Ace" THOMPSON and Josetta L. Thompson, Appellants.

No. 1969.

Supreme Court of Arizona, In Banc.

Nov. 17, 1972.

wife, were charged with the illegal sale of narcotics (heroin) in violation of A.R.S. § 36–1002.02 and A.R.S. § 13–138 to 13–140. They were tried before a jury and found guilty. They were each sentenced to the Arizona State Prison for not less than five nor more than seven years.

The defendants appeal from their conviction and sentence. They present three questions on appeal: (1) Were the defendants denied their right to confrontation when the primary prosecution witness was allowed to claim Fifth Amendment privileges during cross examination; (2) Were the defendants prejudiced when a police officer testified that narcotics users purchased drugs from an informant rather than police officers because "* * * we are usually known by the narcotic dealers." (3) Were the defendants denied effective assistance of counsel when they were both represented by the same Public Defender?

The facts necessary for consideration of the defendants' arguments are as follows: The defendants were arrested on April 10, 1967. At the preliminary hearing, held May 29, 1967, Joyce McKinley testified that she had purchased heroin from the defendants on March 31, 1967 at the request of two officers of the Phoenix Police Department. At that hearing Mrs. McKinley gave a full account of the purchase; also admitting that she had previously made drug purchases from the defendants, and that she was a user of narcotics.

Gary K. Nelson, Atty. Gen., William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee; William A. Albright, Third-Year Law Student, Arizona State University, College of Law, of counsel.

Ross P. Lee, Maricopa County Public Defender, Anne Kappes, Deputy Public Defender, Bernard Dougherty, Deputy Public Defender, Phoenix, for appellants.

LOCKWOOD, Justice:

Defendants, William "Ace" Thompson and Josetta L. Thompson, husband and

Trial was held in May, 1968, with an attorney from the Public Defender's office representing both defendants. At that trial, Joyce McKinley attempted to avail herself of Fifth Amendment privilege concerning her actions on the night of the purchase. The Court determined that she had waived her privilege as to those actions she testified about at the preliminary hearing. She thereafter answered the prosecutor's questions, dealing only with her actions at the time of the alleged purchase. On cross-examination, defense counsel questioned the witness concerning her possible addiction to narcotics at the

time of the trial. It was the defense's contention that the witness was an addict, that officers of the Phoenix Police Department knew this, and that the witness was testifying against the defendants in order to keep from being arrested. The Court allowed the witness to claim the privilege against self-incrimination. The defense then moved to strike the witness' testimony on direct examination because the defense was being denied complete cross-examination. The Court denied the motion.

Defendant, William Thompson, was the only witness for the defense. He testified that he was asleep when Joyce McKinley visited the apartment. Thompson denied ever selling drugs to the witness, and stated that his wife allowed Mrs. McKinley into their apartment only to use the bathroom. Josetta Thompson did not take the stand. In his final summation, defense counsel explained to the jury that Mrs. Thompson did not take the stand because " * * * she was nervous, I didn't want to put her through the strain." The jury found both defendants guilty.

The petitioner's first contention, denial of confrontation, is composed of two subquestions: (1) Did the court err in ruling that a question concerning the witness' present addiction was immaterial; (2) should the witness' direct testimony have been stricken when the cross-examination was limited by the invocation of privilege? We think that the answer to both of these questions is no.

On cross-examination, the State's witness claimed her Fifth Amendment privilege when asked several questions concerning possible addiction to narcotics at the time of the trial. She admitted, however, addiction at the time of her alleged purchase of the drugs from the defendants. On re-cross, the witness was asked "You are not an addict now?" The prosecutor objected, and the Court ruled that the question was immaterial.

The issue that is implicit in defendant's first contention concerns the extent of the trial judge's discretion in limiting cross-examination of a witness. It is the contention of the defendants that preventing inquiry into possible motive for the witness' testimony was prejudicial. The defendants cite State v. Little, 87 Ariz. 295, 350 P.2d 756 (1960) in support of their position. In that case, the trial court sustained an objection to questions propounded by the defense to prove that the chief prosecution witness—who allegedly purchased the narcotics from the defendant—was living in open and notorious cohabitation (in violation of A.R.S. § 13–222) and that prosecution officials, knowing that fact, were doing nothing about it in order to induce the witness to testify in favor of the State. This Court held that it was reversible error not to have permitted cross-examination on that issue. The Court quoted from Alford v. United States, 282 U.S. 687, 692, 51 S.Ct. 218, 219, 75 L.Ed. 624 (1931):

"It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even though he is unable to state to the court what facts a reasonable cross-examination might develop. Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them."

This case, however, differs from Little. Here the testimony the defense wished to elicit was to be used to impeach a witness who had already been impeached. There was no denial of the opportunity to test the witness' credibility.

Defense counsel had gone into other areas for the purpose of impeaching the witness. Earlier in the cross-examination, the witness was asked if she had ever been convicted of a felony, to which she replied affirmatively. At another point, cross-examination brought out the fact that the witness had worked as a prostitute in order to purchase drugs. The witness also admitted that she was using narcotics at the time of the alleged sale.

The defense counsel complains that defendants' case was prejudiced when the

court did not allow him to further impeach the witness by showing that she may have had some expectation of preferential treatment from the police, and therefore had motive for her testimony. The Supreme Court of the United States dealt with a somewhat similar situation in Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968). In that case, the trial court would not allow inquiry into the true name and address of the principal witness for the prosecution. The Supreme Court reversed and held:

"* * * when the credibility of a witness is in issue, the very starting point in 'exposing falsehood and bringing out the truth' through cross-examination must necessarily be to ask the witness who he is and where he lives. The witness' name and address open countless avenues of in-court examination and out-of-court investigation. *To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself.* (Emphasis added.) 390 U.S. at 131, 88 S.Ct. at 750, 19 L.Ed.2d at 959.

■ Here, however, the right to threshold inquiry was not forbidden. What the defense counsel was attempting to do was to elicit cumulative evidence to impeach the witness. The Court in *Smith* recognized that "* * * denial of cross-examination without waiver * * * would be constitutional error of the first magnitude * * *," 390 U.S. at 131, 88 S.Ct. at 750, 19 L.Ed.2d at 959 but pointed out that:

"The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court. It may exercise a reasonable judgment in determining when the subject is exhausted." 390 U.S. at 132, 88 S.Ct. at 750, 19 L.Ed.2d at 959.

The defense had already impeached the witness, and ruling that further inquiry was immaterial is not error.

■ As for the contention that the witness' direct testimony should be stricken,

the case of United States v. Cardillo, 316 F.2d 606 (2d Cir.), cert. denied Margolis v. United States, 375 U.S. 822, 84 S.Ct. 60, 11 L.Ed.2d 55 (1963) is in point.

"* * * [R]eversal need not result from every limitation of permissible cross-examination and a witness' testimony may, in some cases, be used against a defendant, even though the witness invokes his privilege against self-incrimination during cross-examination. In determining whether the testimony of a witness who invokes the privilege against self-incrimination during cross-examination may be used against the defendant, a distinction must be drawn between cases in which the assertion of the privilege merely precludes inquiry into collateral matters which bear only on the credibility of the witness and those cases in which the assertion of the privilege prevents inquiry into matters about which the witness testified on direct examination. Where the privilege has been invoked as to purely collateral matters, there is little danger of prejudice to the defendant and, therefore, the witness's testimony may be used against him." 316 F.2d at 611.

The court did not err in denying the motion to strike the direct testimony of the witness.

■ Defendants further urge that the court erred in permitting the following testimony of Sergeant Glenn Sparks of the Phoenix Police Department:

"Q. [By Mr. Miller, Deputy County Attorney] Sir, you were aware of Joyce McKinley's past as to using narcotics?

"A. Yes, sir.

"Q. Why did you use Joyce McKinley instead of an officer?

"MR. HOLLEY [Attorney for defense]: Objection, Your Honor, it's irrelevant.

"MR. MILLER: Your Honor, it is relevant now that it's been gone into on cross-examination. He's inferred by various questions—

**504**

"THE COURT: The objection will be overruled.

"Q. Why did you use Joyce McKinley say, instead of yourself and other officers or somebody in the department to make the purchase?

"A. Because we are usually known by the narcotic dealers and they won't sell to us."

Defendants allege that the admission of the above language was prejudicial to the respondent, because the jury could have inferred that the defendants were known narcotics dealers and probably engaged in illegal sales on prior occasions. We do not agree. See State v. Saiz, 104 Ariz. 407, 454 P.2d 152 (1969).

Finally, the defendants contend that they were denied effective assistance of counsel when they were both represented by the same court-appointed counsel. They base this allegation solely on the grounds that the defense attorney called one of the two co-defendants and did not put the other on the stand.

Where one attorney represents two co-defendants, a conflict of interest which denies one or both defendants the effective assistance of counsel is a distinct possibility. When such a conflict does in fact exist, the conviction cannot stand. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). However, the mere fact that a single attorney represents two defendants in a joint criminal trial is not ipso facto evidence of lack of effective counsel. Rather it is necessary that a conflict of interest must have actually existed or have been inherent in the facts of the case from which the possibility of prejudice flowed. Baker v. Wainwright, 422 F.2d 145 (5th Cir. 1970); State v. Arce, 107 Ariz. 156, 483 P.2d 1395 (1971); State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966) cert. denied, 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed.2d 687 (1967).

The defendants have not pointed out any true conflict of interest, nor does one appear from the record. To adopt the contention of the defendants, this Court would be required to hold that when one attorney represents multiple defendants, all must testify or none can. Such a rule would not be in the best interests of justice or of all the defendants.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER, and HOLOHAN, JJ., concur.