503 P.2d 946

**The STATE of Arizona, Appellee,**

v.

**Irvin Lee McKINNEY, Appellant.**

No. 2371.

Supreme Court of Arizona,
In Banc.

Dec. 6, 1972.

Gary K. Nelson, Atty. Gen. by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

Harry Bagnall, Coolidge, for appellant.

HOLOHAN, Justice:

This case comes to us on appeal from the Superior Court of Pinal County. Irvin Lee McKinney was charged by information with two counts of incest and two counts of statutory rape based upon alleged acts of sexual intercourse with his 14-year-old daughter. He requested psychiatric examination, and was found able to assist in his defense. On May 10, 1971, the State dismissed the two counts of incest, and McKinney entered a plea of guilty to the two counts of statutory rape (A.R.S. § 13–611). On May 17, 1971, he was sentenced to concurrent fifteen- to twenty-year terms in the state prison.

McKinney readily admitted to repeated acts of sexual intercourse with his 14-year-old daughter. However, he appeals from the judgment of conviction, arguing (1) ineffectiveness of counsel, and (2) lack of mental capacity to understand the nature and consequences of his guilty plea.

It has been held repeatedly by this Court that relief for ineffective counsel will be granted only in the extreme case where counsel's lack of diligence or competence reduced the proceedings to a farce or sham. State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966); State v. Bustamante, 103 Ariz. 551, 447 P.2d 243 (1968); State v. Hill, 104 Ariz. 238, 450 P.2d 696 (1969); State v. Brookshire, 107 Ariz. 21, 480 P.2d 985 (1971). The question "must be determined on the basis of the entire record and facts in each particular case." State v. Brookshire, *supra*, 107 Ariz. at 23, 480 P.2d at 987.

In the instant case, the asserted incompetence of counsel consisted of alleged failure to help McKinney prepare a more effective mitigation statement and remarks during the sentencing that "this is one of the most repugnant cases I have ever had in my life." It is contended that these comments placed defense counsel "onto the side of the State."

A review of the record in this case does not support the contention that there was inadequate or ineffective counsel. McKinney's attorney represented him during various preliminary proceedings, obtained a psychiatric examination over the objection of the State, and arranged a plea bargain. The statements in mitigation by McKinney and counsel were apparently successful, because the concurrent sentences handed down were for fifteen to twenty years, rather than the forty-five to fifty years recommended by the probation officer's presentence report. The following characterization by counsel of McKinney's acts as "repugnant" was part of an argument for a sentence of only five years.

"MR. STOKES: If the Court please, the man has stated to you that he was under the influence of drugs and liquor during this time. To me being the father of two daughters this is one of the most repugnant cases I have ever had in my life. But I do think the Court should carefully consider the fact of his difficult life and his unhappiness during his life by losing his first wife and one of his children. I see nothing to be gained by sentencing him to a long term in the prison. I think he should go to prison to dry out if nothing else. May I suggest to the Court that he be sentenced for a period of not longer than five years to allow the daughter to grow up. That is the end of my statement, your Honor."

In the context of a sentencing, we find nothing improper in this type of argumentation.

It is further contended that McKinney's failure to recall at the pleading the date of one offense charged, along with his history of drug and alcohol abuse, rendered his plea that of a man "who really did not know or understand what he was doing."

Certainly, there must be an affirmative showing on the record that a plea of guilty is entered intelligently and voluntarily. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Were the defendant in a state of alcoholic intoxication or under the influence of drugs during the change of plea, this would affect the voluntariness of the plea. Although the psychiatric reports did indicate a history of alcohol and drug abuse, there is nothing in the record to indicate that McKinney was under the influence of alcohol or drugs at the time of the plea. Quite to the contrary, he stated: "I dried out in jail."

"THE COURT: You have been in jail how long?

"MR. McKINNEY: Almost two months.

"THE COURT: You are not under the influence of LSD or alcohol or any other narcotics or hallucinogens at this time, are you?

"MR. McKINNEY: No, I am not.

"THE COURT: You feel that you are in command of your mental faculties, mental abilities?

"MR. McKINNEY: Yes, sir."

Similarly, failure to remember the date of one specific past act of intercourse with his daughter, among many admitted to, hardly establishes a lack of mental capacity to plead guilty. Thus, appellant's contentions are without merit. Finding no error in the record, the judgment below is affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.