515 P.2d 569

**STATE of Arizona, Appellee,**

v.

**Tom Edward KELLEY, Appellant.**

**No. 2577.**

Supreme Court of Arizona,
In Banc.

Dec. 5, 1973.

Gary K. Nelson, Atty. Gen., Cleon M. Duke, Thomas A. Jacobs, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Rudy Gerber, Special Deputy Public Defender, Phoenix, for appellant.

Tom Edward Kelley, in pro. per.

LOCKWOOD, Justice:

The defendant Tom Edward Kelley was charged with two counts of rape. He entered a plea of not guilty. Subsequently on motion of the state prior convictions were entered as an addendum to the indictment. The defendant admitted allegations of prior conviction and on June 29, 1972 was found guilty by a jury of first degree rape on both counts. He was sentenced to serve a term of not less than twenty years nor more than thirty years on count one and not less than twenty years nor more than thirty years on count two with sentences running concurrently.

The facts taken in the light most favorable to the state are as follows: At the time of the alleged crime the defendant was a manager of the apartment in which the victim was residing. She had arrived home at approximately 1 a. m. The defendant shortly thereafter knocked on her door and indicated some mechanical difficulties had occurred in the cooling unit. After checking the refrigeration vents, the defendant grabbed the victim, tore off her clothes and raped her.

Subsequent to this the two engaged in an extended conversation and the defendant then left her apartment. Shortly thereafter the defendant reappeared at the apartment and raped the victim a second time. The victim within fifteen minutes called her fiance and reported the alleged incident to him. He called the police who shortly arrived on the scene and took statements from the victim.

■ The only real question in this case revolves around the defense of consent. The victim was over the age of eighteen, and the defendant elicited testimony from her as to her chastity prior to her engagement. She testified on cross-examination that she had had intercourse once when she was sixteen years of age, and upon three occasions with her fiance in the month prior to the alleged rape. The court sustained an objection to the further cross-examination of the victim as to how many different people she had sexual in-

tercourse with. The question was a general one, with no foundation of time. The purpose of showing specific acts of unchastity is that one who has once departed from the paths of virtue is far more apt to consent to another lapse than one who has never done so. State v. Wood, 59 Ariz. 48, 122 P.2d 416 (1942). In this case the victim had admitted certain acts of unchastity and stated the time of their occurrence. Counsel for defense cross-examined her about these acts. However, the court did not err in sustaining the objection to the general question.

■ Counsel for defendant had invoked the rule of exclusion of the witnesses, and the victim was permitted to remain in the courtroom. Counsel for the defense objected to her remaining, but the court first overruled the objection and later granted his motion. There is nothing in the record to show emotional conduct on the part of the victim, and the court stated: "I think really for her own mental and emotional state, she'd better be out of the courtroom" and granted the defendant's motion. We find no error here.

■ The defendant complains that the prosecuting attorney was guilty of misconduct. Defense counsel suggests that certain comments were expressions of the prosecuting attorney's own feeling as to the guilt of the defendant. Some of the comments were objected to and some were not. As to those which were not objected to, defendant cannot now raise them. Collins v. Dilcher, 104 Ariz. 221, 450 P.2d 679 (1969).

■ As to the others, great latitude is permitted counsel in argument, so long as it is not deemed prejudicial. We do not find the arguments prejudicial. State v. Gregory, 108 Ariz. 445, 501 P.2d 387 (1972).

■ ■ The court instructed the jury that "the conduct of the female person need only be such as to make non-consent and actual resistance reasonably manifest." This covered the question of consent. It is not incumbent upon the court to give a de-

**198**

fendant's requested instructions where it is substantially covered, even though the phraseology is different. State v. McLain, 74 Ariz. 132, 245 P.2d 278 (1952). We find no error here.

The appellant has filed a supplemental brief in pro per. In it he raises the following questions: (1) Did the Phoenix Police Department withhold or fail to investigate material evidence which would exonerate the defendant? (2) Did the incompetence of the defense counsel prejudice the defendant? (3) Did the victim commit perjury or untruthfulness in her testimony and if so why wasn't her testimony impeached? (4) Is the sentence excessive in view of the uncorroborated testimony and possible untruthfulness of the victim?

■ Question number (1) is in connection with the nature of the scratches on the defendant's face. He claims the police should have investigated a complaint which was called to police headquarters and which would have explained the scratch on his face as occurring other than as a result of a struggle with the victim. There is nothing in the record to indicate the existence of any such evidence. In any event no request was made for any discovery procedures to seek the information.

We think the holding of the court in State v. McKinney, 108 Ariz. 604, 503 P.2d 946 (1972) is appropriate to appellant's objection as to the effective assistance of counsel:

"It has been held repeatedly by this Court that relief for ineffective counsel will be granted only in the extreme case where counsel's lack of diligence or competence reduced the proceedings to a farce or sham." 108 Ariz. at 605, 503 P.2d at 947.

We find no error here.

Appellant's third question has no merit. It is merely an argument as to the reasonableness of the victim's testimony.

■■ We have held with regard to the claim by the defendant that the sentence is excessive, that absent a clear abuse of discretion by the trial court, if the sentence is within the limits imposed by statute, it will not be disturbed by this Court.

In this case the statute provides for a term of five years to life. A.R.S. § 13–614. The sentence being within the statutory provisions we do not find it excessive.

Affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.