521 P.2d 1128

**STATE of Arizona, Appellee,**

v.

**Jackie Ray ROGERS, James Walter Arnold, Appellants.**

**No. 2589.**

Supreme Court of Arizona, En Banc.

May 17, 1974.

Rehearing Denied June 18, 1974.

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

. Nelson & Moran by Thomas A. Moran, Yuma, for appellant Arnold.

Edward N. Hendricksen, Yuma, for appellant Rogers.

HAYS, Chief Justice.

The defendants, James Walter Arnold and Jackie Ray Rogers, appeal from a judgment entered on the jury's verdict finding each guilty of first degree rape and from a sentence of 20 years to life imprisonment.

The state's case primarily consisted of the testimony of the prosecutrix who testified concerning the details of the attack, and a physician who testified as an expert witness.

WERE THE DEFENDANTS DE-
  PRIVED OF THEIR CONSTITU-
  TIONAL RIGHT TO A SPEEDY
  TRIAL WHEN THEY WERE NOT
  BROUGHT TO TRIAL WITHIN
  THE 60–DAY PERIOD AS RE-
QUIRED BY FORMER RULE 236 OF THE ARIZONA RULES OF CRIMINAL PROCEDURE?

Defendants assert that the trial court erred in granting a continuance of the trial date beyond the 60-day period, and the case should have been dismissed because the state failed to produce an affidavit, showing good cause to justify the continuance.

The rule in effect at the time of the alleged offense was Rule 236, 17 A.R.S., which states in part that:

"[W]hen a person had been indicted or informed against for an offense, if he is not brought to trial for the offense within sixty days after  .  .  .  the information filed, the *prosecution shall be dismissed* upon the application of such person  .  .  .  *unless good cause to the contrary is shown by affidavit, or unless the action has not proceeded to trial because of the defendant's consent or by his action.  .  .  .*" (Emphasis added).

Defendants further rely on State v. Churchill, 82 Ariz. 375, 313 P.2d 753 (1957), which restated the necessity of the state's producing an affidavit showing good cause.

The state filed a motion to vacate and to reset the trial date. This motion stated the reasons for such a request and was signed and sworn to by the county attorney. The trial judge found that the requirement of good cause shown by affidavit was satisfied, and this court finds no abuse of discretion in the finding of the trial judge.

The leading United States Supreme Court case on the issue of denial of Sixth Amendment right to speedy trial is Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

Applying the four-pronged balancing test of Barker v. Wingo, *supra*, and State v. Brannin, 109 Ariz. 525, 514 P.2d 446 (1973), it is clear that defendant was not denied a speedy trial.

First, the delay was not inordinately long.

Second, the reason for the delay was a legitimate one and not a part of a plan by the state to prejudice the defendant. The state requested the continuance because the physician, who conducted a thorough physical examination of the prosecutrix immediately after the alleged crime and who would testify that the prosecutrix was forcibly raped, would be unavailable to testify on July 25, 1972, the day of the trial. The state requested a continuance to August 25, 1972, when the physician would have returned from his trip outside the country.

The state then moved in the alternative to either accelerate the trial date to July 6, 1972, when the physician would be available to testify or to take the doctor's deposition and by stipulation enter the deposition in evidence at trial or to stipulate that the doctor's future testimony was entirely contained in a statement made by him after his examination of the victim.

The record indicates that defense counsel strenuously objected to all three of these alternatives.

Finally, we are unaware of any prejudice suffered by the defendant from the delay in the proceedings.

We therefore conclude that even though defendant satisfied the third prong of Barker v. Wingo, *supra,* by timely asserting his right to a speedy trial, defendant was not denied his Sixth Amendment right to a speedy trial, considering all of the balancing factors identified in *Barker.*

■ It is also maintained by the defendants that the continuance should not have been granted when the state, fully apprised of the contemplated voluntary absence of its witness, failed to place the witness under subpoena in order to secure his presence at trial within the 60-day period.

Oral argument before this court revealed that the witness, a Brawley, California, physician, had already paid the necessary initial deposits for his prearranged trip abroad. It is our position that the physi-cian would have been a most unfriendly witness to the state if he were required to cancel his trip, forfeit his deposit, and attend a trial in Yuma, Arizona. We therefore have no problem in dismissing this argument of the defendants.

## WERE THE DEFENDANTS DENIED THEIR SIXTH AMENDMENT RIGHT TO EFFECTIVE COUNSEL WHEN BOTH DEFENDANTS WERE REPRESENTED AT TRIAL BY THE SAME COUNSEL?

■ This court recently addressed itself to the problem of conflicting interests in State v. Thompson, 108 Ariz. 500, 502 P.2d 1319 (1972), where it stated:

"Where one attorney represents two codefendants, a conflict of interest which denies one or both defendants the effective assistance of counsel is a distinct possibility. When such a conflict does in fact exist, the conviction cannot stand. (citation omitted). *However, the mere fact that a single attorney represents two defendants in a joint criminal trial is not ipso facto evidence of lack of effective counsel. Rather it is necessary that a conflict of interest must have actually existed* or have been inherent in the facts of the case from which the possibility of prejudice flowed. (Thompson, supra, 502 P.2d at 1323.)" (Emphasis added).

*See also* State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966), cert. denied, 385 U.S. 1043, 87 S.Ct. 784, 17 L.Ed.2d 687 (1967).

■ We find no actual conflict of interest existed in the case at bar and thus the argument that the defendants were denied effective assistance of counsel is without merit.

## WAS THE QUALITY OF THE REPRESENTATION PROVIDED DEFENDANTS BY APPOINTED COUNSEL AT TRIAL SO INEFFECTIVE AS TO AMOUNT TO A DENIAL OF THEIR SIXTH AMENDMENT CONSTITUTIONAL RIGHTS TO COUNSEL?

Defendants allege ineffective assistance of counsel at trial because the defense counsel in his closing argument made the following statement:

"I ask you then, ladies and gentlemen, not to compromise the verdict in this case, don't just come back to the statutory rape deal. I ask you to consider this case in light of the way of a forcible rape charge, whether or not there was a forcible rape. I don't want you to compromise this verdict and come in with a second degree case. Don't do it that way. I want you to try this on one thing, forcible rape. There was not—absolutely no evidence was ever testified to that this was a consent intercourse out there. So I ask you, ladies and gentlemen, to acquit the defendants."

It is apparent that defense counsel, as a matter of trial strategy, was merely attempting to lessen the possibility of a conviction by seeking to avoid a conviction on a lesser degree of the offense.

This court has stated in State v. McKinney, 108 Ariz. 604, 503 P.2d 946 (1972) that:

"[R]elief for ineffective counsel will be granted only in the extreme case where counsel's lack of diligence or competence reduced the proceedings to a farce or sham. . . . The question 'must be determined on the basis of the entire record and facts in each particular case.'" 503 P.2d at 947.

The defendants are bound by the trial strategy of counsel and we therefore reject this final contention of the defendants.

Judgments of conviction and sentences affirmed.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.