568 P.2d 1105

**The STATE of Arizona, Appellee,**

v.

**Robert Richard GUTIERREZ and Ronnie Gutierrez, Appellants.**

**No. 2 CA–CR 1016.**

Court of Appeals of Arizona, Division 2.

May 20, 1977.

Rehearing Denied June 29, 1977.

Review Denied Sept. 8, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Thomas Meehan, Tucson, for appellants.

OPINION

HOWARD, Chief Judge.

Appellants and their brother, Raul, were each charged with two counts of assault with a deadly weapon as a result of a barroom brawl. The jury found Raul not guilty of both charges, while appellants were found guilty of assaulting Donald Pepin with a deadly weapon and guilty of aggravated assault of Vincent Alfano. Appellants were placed on probation and claim

that their convictions should be reversed because of their joint representation by one attorney. They also assert that they could not be convicted of aggravated assault since it is not a lesser included offense of assault with a deadly weapon.

The record shows that after bowling, Alfano and Pepin went into the bowling alley bar. They sat down on some bar stools near the jukebox. Alfano decided to play some music and went over to the jukebox where he encountered the appellants who refused to let him play any music. The bartender came over and told appellants to go back to their pool playing but they did not do so. Mr. Pepin came over to the jukebox and upon asking what the problem was received a blow in the face from Richard. Alfano was grabbed from behind and a mélé ensued with Alfano being struck with cue sticks, beer bottles and a chair. Pepin was hit with the same objects as well as a cue ball and a glass ashtray. The police were summoned and when they arrived Pepin was bleeding from the head and side and was vomiting. He was taken to a hospital. He testified that Richard Gutierrez tried to kill him by throwing a cue ball at him with "all of his might".

The testimony of the brothers was diametrically opposed to that of independent prosecution witnesses and the victims. According to the brothers, the victims who were equipped with cue sticks started the fight and they acted merely in self-defense. They testified that they did not hit anybody with anything other than their fists.

■ Prior to the commencement of trial the trial court, at the state's insistence and without the presence of appellants, questioned defense counsel as to whether or not a possible conflict of interest existed. Defense counsel stated that there was no conflict of interest. Now, on appeal, appellants contend that there was a conflict of interest. We do not agree. The fact that a single attorney represents two defendants in a joint criminal trial is not in and of itself evidence of lack of effective counsel but it is necessary for the appellant to show that a conflict of interest actually existed

or there was a conflict of interest inherent in the facts of the case from which the possibility of prejudice flows. *State v. Rogers*, 110 Ariz. 582, 521 P.2d 1128 (1974); *State v. Thompson*, 108 Ariz. 500, 502 P.2d 1319 (1972). We do not find such a conflict here. The interests of all the brothers were the same, their defenses were the same, and their testimony was the same. We find no error.

■ We do find, however, fundamental error when the trial court instructed the jury that it could find appellants guilty of a lesser included offense of aggravated assault. The test to determine whether one offense is included within the other is "whether the first offense cannot be committed without necessarily committing the second." *State v. Branch*, 108 Ariz. 351, 498 P.2d 218 (1972).

A.R.S. § 13–249(A) provides:

"A person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, shall be punished by imprisonment in the state prison for not less than one nor more than ten years, by a fine not exceeding five thousand dollars, or both."

A.R.S. § 13–245 sets forth the definition of aggravated assault or battery:

"A. An assault or battery is aggravated when committed under any of the following circumstances:

1. When the person committing the offense goes into a private home and is there guilty of assault or battery.

2. When committed by a person of robust health or strength upon one who is decrepit.

3. When committed by a person of eighteen years or more upon a child the age of fifteen years or under.

4. When the instrument or means used is such as to inflict disgrace upon the person assaulted, as an assault or battery with a whip or cowhide.

5. When a serious bodily injury is inflicted upon the person assaulted.

6. When committed with a premeditated design and by the use of means calculated to inflict great bodily injury.

7. When the person committing the offense knows or has reason to know that the victim is a peace officer, or a person summoned and directed by such officer while engaged in the execution of any official duties.

8. When the person committing the offense knows or has reason to know the victim is a teacher or other person employed in any school and such teacher or other employee is upon the grounds of a school or grounds adjacent thereto, or is in any part of a building used for school purposes.

9. When the person committing the offense knows or has reason to know the victim is an employee of the department of corrections acting in an official capacity and the person committing the assault is incarcerated in, or subject to the custody of personnel from, the state prison."

Using the test of *State v. Branch*, supra, can the crime of assault with a deadly weapon or by any means or force likely to produce great bodily injury be accomplished without necessarily committing aggravated assault? We answer this question in the affirmative. Take the following example: Defendant and an eighteen year-old victim are digging a post hole in defendant's yard. The victim makes an untoward remark to defendant who, in anger, grabs a crowbar and swings it at the victim's head, narrowly missing him. The defendant under such circumstances would be guilty of assault with a deadly weapon, but are any of the definitions of aggravated assault or battery applicable to the situation? The answer is obviously no. It did not happen inside a private home; the victim was not decrepit or a child of the age of fifteen years or under; the means used was not such as to inflict disgrace; serious bodily injury was not inflicted upon the person assaulted; the assault was not done with a premeditated design; and the victim was not a police officer, teacher or an employee of the department of corrections.

If we take the same facts but the defendant points a loaded revolver at the victim, we arrive at the same result under the same rationale. Aggravated assault is therefore not a lesser included offense and the trial court committed fundamental error by so instructing the jury.

Appellants' convictions of assault with a deadly weapon are affirmed. Their convictions for the aggravated assault of Vincent Alfano are reversed.

HATHAWAY and RICHMOND, JJ., concur.