803 P.2d 416

**STATE of Arizona, Appellee,**

v.

**Baldomero
MARTINEZ–SERNA, Appellant.**

**No. CR–90–0071–PR.**

Supreme Court of Arizona,
En Banc.

Dec. 4, 1990.

Reconsideration Denied Jan. 23, 1991.

Robert K. Corbin, Atty. Gen. by Jessica Gifford Funkhouser and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Baldomero Martinez–Serna, Tucson, pro se.

## OPINION

MOELLER, Justice.

### JURISDICTION

Petitioner Martinez–Serna and co-defendant Jacobo Guarado were both convicted of transporting a narcotic drug for sale while they were represented by the same court-appointed counsel.[1] The court of appeals affirmed their convictions. We granted Martinez–Serna's petition for review to determine whether the trial court's failure to appoint separate counsel for him violated his sixth amendment rights. *See* Rule 31.19, Ariz.R.Crim.P., 17A A.R.S. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and A.R.S. § 12–120.24.

### QUESTION PRESENTED

Whether, under the circumstances of this case, the trial court erred in failing to appoint separate counsel for the petitioner.

### FACTS

On the morning of April 22, 1988, federal and local agents of the Southwest Border Alliance observed a pickup truck in the vicinity of the Colorado River near the United States/Mexico border. Agents stopped the truck as the co-defendant, Guarado, drove north away from the river. Petitioner was a passenger in the truck. The agents searched two large tractor-trailer tires lying in the bed of the truck and found that each contained fifty one-kilogram packages of cocaine.

During booking proceedings, co-defendant Guarado told one agent: "I brought the stuff across the river. There's no sense in getting my partner in any trouble. He knew nothing about it."

The trial court appointed one attorney to represent both defendants. Neither defendant asked for separate counsel or waived counsel. Counsel did not bring any potential conflict of interest to the trial judge's attention.

At trial, co-defendant Guarado testified that he had driven to the Colorado River to pick up an illegal alien. He further testified that when he and petitioner arrived at the river, a group of men coerced them at gunpoint into transporting the tires. Petitioner corroborated Guarado's testimony of the events at the river and testified that he was with Guarado only because Guarado offered him a ride to Yuma.

A jury found both defendants guilty of transporting a narcotic drug for sale pursuant to A.R.S. § 13–3408(A)(7). Both were fined and sentenced to a presumptive term of seven years. Their appointed counsel filed a joint notice of appeal on behalf of both defendants. Counsel then filed an *Anders* brief, asserting his inability to find any arguable issue that would affect the convictions or sentences. Both Martinez–Serna and Guarado then filed supplemental briefs pro se. These briefs raised several issues, including the failure to appoint separate counsel. The court of appeals directed the state to respond to the issues raised by the defendants themselves.

The court of appeals affirmed. Pursuant to *State v. Shattuck*,[2] the court of appeals directed appointed counsel to advise the defendants of the status of the appeal and relieved him of further responsibility "unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by a petition for review." [3] Apparently, counsel still was unable to find an arguable issue as he filed nothing. Martinez–Serna filed his own petition for review which we granted on the issue of whether the trial court should have appointed separate counsel. We reverse.

### DISCUSSION

■ A defendant in a criminal case has the right to assistance of counsel. U.S. Const. amend. VI; Ariz. Const. art 2, § 24;

---

1. The court of appeals' memorandum decision erroneously refers to trial counsel as "retained."

2. 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984).

3. *State v. Martinez–Serna,* 1 CA–CR 88–1050, slip op. at 8 (Ariz.Ct.App. Feb. 8, 1990) (mem.).

Rule 6.1, Ariz.R.Crim.Pro., 17 A.R.S. The right to counsel means the right to effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 768–72, 90 S.Ct. 1441, 1448–49, 25 L.Ed.2d 763 (1970). Although this right may be waived, petitioner here did not knowingly waive his sixth amendment rights in the manner required by *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

■ Joint representation does not, of itself, deny a defendant effective assistance of counsel. *Holloway v. Arkansas,* 435 U.S. 475, 482–84, 98 S.Ct. 1173, 1178, 55 L.Ed.2d 426 (1978). However, a conflict of interest arising from the joint representation may deny a defendant effective assistance of counsel. *Cuyler v. Sullivan,* 446 U.S. 335, 345–49, 100 S.Ct. 1708, 1717–18, 64 L.Ed.2d 333 (1980). In *State v. Jenkins,* 148 Ariz. 463, 715 P.2d 716 (1986), this court followed *Cuyler* and set forth the test for determining whether counsel's conflict of interest violated a defendant's right to effective assistance of counsel. Absent an objection at trial, the defendant must demonstrate (1) that an actual conflict existed; and (2) that the conflict had an adverse effect on the representation. *Jenkins,* 148 Ariz. at 466, 715 P.2d at 719.

### 1. Actual Conflict

■ We note preliminarily that counsel had a conflict of interest within the meaning of ER 1.7. Rule 1.7, Ariz.R.Prof.Conduct. Under that rule, a conflict of interest occurs when "a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests." Rule 1.7, comment. We also note that the record does not show that petitioner consented to the conflict, as may sometimes be permitted under Rule 1.7(b).

The existence of a conflict of interest under the Arizona Rules of Professional Conduct does not necessarily mean a defendant received ineffective assistance of counsel. *Jenkins,* 148 Ariz. at 467, 715 P.2d at 720. Rather, whether an actual conflict arises depends upon "the nature of the other client represented by defense

counsel." *Id.* In *Jenkins,* this court quoted with approval the test set forth in *Brien v. United States:*

> In order to establish an actual conflict of interest, ... [a defendant] must demonstrate that some plausible alternative defense strategy might have been pursued. He need not show that the defense would necessarily have been successful if it had been used, but merely that it possessed sufficient substance to be a viable alternative. Second, he must establish that the alternative defense was inherently in conflict with the attorney's other loyalties or interests....

*Jenkins,* 148 Ariz. at 466, 715 P.2d at 719 (quoting *Brien v. United States,* 695 F.2d 10, 15 (1st Cir.1982)) (citations omitted).

Here, petitioner's counsel also represented a co-defendant who had made a statement that exculpated petitioner and inculpated himself. Plausible alternative strategies could include plea bargaining in exchange for petitioner's testimony against Guarado, not calling petitioner to testify, and shifting the emphasis (and, hopefully, the blame) to the co-defendant, Guarado. Counsel could not realistically pursue any of these possible alternatives or others while also representing Guarado. To do so would have substantially impaired counsel's representation of Guarado. We hold that petitioner's counsel had an actual conflict of interest.

### 2. Adverse Impact

■ The joint representation of petitioner and Guarado had an adverse impact on petitioner's representation within the meaning of *Jenkins.* Counsel's representation of both defendants, in our view, dictated counsel's decision to have petitioner testify and to present a united defense. Because Guarado was also his client, counsel could neither explore the possibility of a plea bargain for petitioner nor attempt to place the blame on Guarado. Without these alternatives, counsel's only sound strategy was to present the implausible duress defense with petitioner corroborating Guarado's testimony. Petitioner may well have been able to present a more plausible de-

fense but for his counsel's conflict. The conflict "occurred not in presenting the defense chosen by ... counsel, but in selecting defenses and strategies in the first place." *Foxworth v. Wainwright,* 516 F.2d 1072, 1079 (5th Cir.1975). Thus, counsel's actual conflict of interest had an adverse effect on petitioner's representation.

 We recognize that counsel's conflict alone may not have caused petitioner's conviction and that separate representation might not have caused his acquittal. Under *Jenkins,* however, proof of actual prejudice is unnecessary. We require only that the adverse effect on the representation be substantial. *Jenkins,* 148 Ariz. at 467, 715 P.2d at 720. We hold that these facts present a substantial adverse effect.

Although some Arizona cases suggest that no denial of effective assistance of counsel occurs when co-defendants present a united defense, see *State v. Gutierrez,* 116 Ariz. 207, 208, 568 P.2d 1105, 1106 (Ct.App.1977); *State v. Steele,* 23 Ariz.App. 73, 77, 530 P.2d 919, 923 (1975); *State v. Andrews,* 106 Ariz. 372, 377, 476 P.2d 673, 678 (1970), these cases predate *Jenkins* and *Cuyler.* We are not persuaded that the presentation of corroborative testimony precludes a claim for ineffective assistance of counsel. We believe the better view is that when counsel labors under a conflict that dictates a united defense and precludes other plausible alternatives, a defendant's sixth amendment right to effective assistance of counsel has been violated.

## CONCLUSION

We vacate the court of appeals' memorandum decision insofar as petitioner Martinez–Serna is concerned. We reverse his conviction and remand to the trial court with directions that he be appointed separate counsel for a new trial. Because the court of appeals' decision is vacated as to petitioner, new counsel will not be foreclosed from pursuing the other issues discussed in that decision. Fairness dictates that we permit separate, nonconflicted counsel to address those issues anew if counsel deems them meritorious.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and CORCORAN, JJ., concur.