NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

COLLIN JOSEPH TARR, *Petitioner.*

No. 1 CA-CR 24-0458 PRPC

FILED 10-01-2025

Petition for Review from the Superior Court in Coconino County
No. S0300CR201800137
The Honorable Ted Stuart Reed, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By William P. Ring
*Counsel for Respondent*

Collin Joseph Tarr, Eloy
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Vice Chief Judge David D. Weinzweig and Judge Cynthia J. Bailey joined.

---

**P E R K I N S**, Judge:

¶1        Collin Joseph Tarr petitions for review of the dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure 32. We have considered the petition and, for the following reasons, we grant review and deny relief.

### FACTS AND PROCEDURAL BACKGROUND

¶2        The victim, a friend and neighbor of Tarr, was found dead on a road in the mobile home park where they both lived. Before law enforcement arrived, a witness called 911 to report that a man in a gray shirt and jeans was banging the victim's head against the ground. Police later found Tarr, drunk and in his underwear, with bloodied hands and arms. Nearby they found a bloody gray shirt, a bloody gray sweatshirt, and bloody jeans containing the victim's cellphone and Tarr's ID.

¶3        Medical evidence established the victim was inebriated when he died from severe head fractures caused by a substantial amount of force. The victim also had multiple broken ribs. Defense counsel retained two medical experts to review the victim's injuries. Although the experts were told this was a "hand assault" case, they concluded the injuries required too much force to have been caused by hand and were more likely caused by a vehicle impact. Defense counsel argued to the jury that the victim likely fell onto the road while drunk and was struck by a vehicle. Counsel suggested Tarr became bloodied when he tried to help the victim.

¶4        The jury found Tarr guilty of second degree murder, aggravated assault, assault, and disorderly conduct. This court affirmed the convictions on direct appeal. *State v. Tarr*, 1 CA-CR 21-0475, 2022 WL 17494586 (Ariz. App. Dec. 8, 2022) (mem. decision).

¶5        Tarr petitioned the superior court for post-conviction relief, arguing his trial attorney provided ineffective assistance because he

advanced the vehicle-strike theory. Tarr submitted the theory was unreasonable and implausible because it ignored other explanations for the victim's injuries and failed to explain other evidence, including Tarr's hand and elbow contusions and the lack of vehicle marks on the victim. Tarr argued his attorney should instead have presented the more plausible theory that Tarr fought with the victim but only caused non-fatal injuries, and the victim died later when he fell and hit his head on a trailer hitch or fence cap nearby. Tarr contended this alternative theory would have enabled jurors to find him guilty of a lesser included offense.

**¶6**      The superior court summarily denied Tarr's petition. We grant review of Tarr's petition for review of that decision. *See* A.R.S. § 13-4239; Ariz. R. Crim. P. 32.16.

## DISCUSSION

**¶7**      We review the superior court's denial of post-conviction relief for an abuse of discretion. *See State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021).

**¶8**      To establish a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's conduct fell below an objective standard of reasonableness and caused prejudice. *Id.* at ¶ 8. A strategic decision by counsel will not support an ineffective assistance of counsel claim unless the decision has no "reasoned basis." *State v. Gerlaugh*, 144 Ariz. 449, 455 (1985); *see also Strickland v. Washington*, 466 U.S. 668, 690–91 (1984) ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

**¶9**      Here, the superior court appropriately determined that defense counsel's conduct was within professional norms. The vehicle-strike theory was consistent with the evidence on the amount of force needed to cause the victim's fatal injuries. It was reasonable to pursue a theory that would require jurors to choose between guilty and not guilty over a theory that could support a lesser included offense but make acquittal impossible. *Cf. State v. Rogers*, 110 Ariz. 582, 585 (1974) (defense counsel was not ineffective by asking the jury in closing to decide the case on the more severe offense, and not the lesser included offense); *Crace v. Herzog*, 798 F.3d 849, 852 (9th Cir. 2015) ("In certain circumstances, it may be reasonable for a defense attorney to opt for an 'all-or-nothing' strategy, forcing the jury to choose between convicting on a severe offense and acquitting the defendant altogether."). This is particularly so here because Tarr's alternative theory is not much stronger, if at all, than the vehicle-strike theory. No direct evidence supported that the victim died from a fall.

And his body was found in the middle of the road, too far from any structure that he might have fallen upon.

## CONCLUSION

¶10     We grant review and deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR