498 P.2d 218

**STATE of Arizona, Appellee,**

**v.**

**Willie BRANCH, Appellant.**

**Nos. 2198, 2511.**

Supreme Court of Arizona,
In Banc.
June 16, 1972.

Gary K. Nelson, Atty. Gen., by Mary Z. Chandler and Paul J. Prato, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice:

The defendant, Willie Branch, was charged by information with robbery and with aggravated battery in a separate information. By stipulation, the matters were consolidated for trial, and the defendant was convicted of battery and aggravated battery.

Separate appeals were taken from the convictions in the Superior Court, and we assumed jurisdiction, consolidating the matters for purposes of this opinion.

The questions presented are whether battery is a lesser included offense of robbery; whether the defendant is entitled to counsel at a pre-information lineup; whether law enforcement officers can be competent witnesses of a defendant's reputation in the community where such issue becomes relevant; and whether the prosecutor committed error in his remarks to the jury during oral argument.

The victim named in both informations was the same person. The evidence discloses that victim with two friends stopped at the defendant's shoe shine parlor in downtown Phoenix. In a rapid series of events the victim was robbed of $16.00, his friends beaten, and the victim himself attacked and beaten when he tried to find safety in the car of a friend. The police arrived on the scene, and the victim and his friends were taken to the hospital for treatment.

The defendant was arrested, and the following day a lineup was conducted at which one of the witnesses picked the defendant from a group of five men as the one who had attacked the victim. Before the victim left the hospital, he was shown pictures of five men, and he picked the defendant out as the man who had beaten him. The victim and two other witnesses made in-court identifications of Branch based on their memory of the attack and

not, they testified, on the basis of the lineup or pictures.

At the trial, counsel for the defendant moved to suppress the in-court identification as the product of an improper lineup, that is, one in which the defendant was not advised of his right to counsel. The court held a hearing to determine if the defendant was advised of his right to counsel and also to determine if the circumstances of the lineup were suggestive. He determined that there was no suggestiveness about the lineup, but the trial court left the question to the jury of whether defendant was advised of his right to counsel. The defendant urges that this procedure was error because the court must first determine as a matter of law whether the defendant was afforded his constitutional rights. It is maintained that Jackson v. Denno, 378 U. S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), supports this position.

The procedure followed by the trial court was not proper. The duty to decide whether a defendant has been afforded his rights rests with the court. However, counsel's argument presupposes that there is indeed a right to counsel at a pre-information lineup.

The cases of U. S. v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), were cited as authority for the proposition that a lineup is a critical stage of criminal proceedings and that the defendant is entitled to be represented by counsel at such time.

*Wade* and *Gilbert* involved only post-indictment lineups, however, and the present case involves a pre-information lineup. We said in State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969), that "we are not, however, prepared at this time to extend the application of *Wade* and *Gilbert* to pre-indictment or pre-information situations * * *," 104 Ariz. at 382, 453 P.2d at 953. This position is supported by the very recent case of Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.

Ed.2d 411, decided June 7, 1972. It was not required that the defendant be furnished counsel or advised that he could have counsel at the lineup; nor was the lineup unfair or overly suggestive. The motion to suppress should have been denied.

The defendant challenges the procedure of the prosecution calling a police officer to offer testimony as to defendant's reputation for truth and veracity. The defense concedes that the defendant having testified as a witness was subject to impeachment by the offer of testimony by competent witnesses to show that the defendant has a poor or bad reputation for truth in the community in which the defendant resides.

The defendant urges that a police officer would never be in a position to know the defendant's reputation for veracity because he resides in a community in which the police would have no means of communication with the residents. Counsel for defendant asserts that the defendant resides in the "ghetto." Counsel argues that it is a "logical absurdity to say that a policeman can go into the ghetto and ascertain a black man's reputation for truth and veracity."

The thrust of this argument is to attack only the veracity of the police officers, not their competency as witnesses. The trial court required that the prosecution show the familiarity of the police officers with the area of the defendant's business, and their means and manner of arriving at their conclusion that the defendant had a bad reputation for truth and veracity. If the counsel for the defense believed that the officer was lying, he had an opportunity on cross-examination to show that the witness was biased or that there was a defect in the capacity of the witness to observe the matters to which he has testified. The defense may also call witnesses to show that the defendant's reputation for truth and veracity is good, contrary to the evidence presented by the state.

Baumgartner v. State, 20 Ariz. 157, 178 P. 30 (1919).

We find nothing improper in admitting the testimony offered by the police officer witnesses concerning the issue of the defendant's veracity.

In his remarks to the jury, the defense counsel commented upon the failure of the state to present testimony from members of the black community in regard to the defendant's reputation for truth and veracity. The state's witnesses who testified about Branch's credibility were three police officers, and the defense counsel maintained that only someone living in the defendant's neighborhood would know his reputation for credibility.

In response to the above, the deputy county attorney stated:

"* * * Why don't we call some Negro people? Well, these officers deal down there every day. They talk to the Negro citizens. They deal with problems down in that area, and I submit to you they know his reputation as well as any Negro. Do you think for one minute—I don't mean to bore you, but do you think for one minute that we are going to be able to get a Negro to come and testify against that man? That Negro will be so scared to come up from the south side to testify against this man, that is why we could never get anybody. That is why. He would be scared to come and testify against Mr. Branch—

"MR. DOUGLAS: I object to this kind of evidence outside of the record. It is inflammatory.

"THE COURT: I don't know whether it is fair comment or not, but it has been made and I think there is no evidence in this record that anybody would be afraid to testify. It is a matter of inference, if there is one, from the evidence. I will leave it to the jury's good judgment to decide whether it is fair comment."

We have often said that attorneys have wide latitude in their remarks to the jury. This is qualified, however, by a requirement that the remarks be supported by the evidence. State v. Dutton, 106 Ariz. 463, 478 P.2d 87 (1970).

Here the remark was not supported by the evidence and the trial court properly informed the jury that there was no basis in the record for such a statement. Allowing the jury to decide whether the remark was fair comment, however, was not proper.

The jury was later instructed, though, that "if any comment of counsel or argument has no basis in the evidence, then you are to disregard that comment," which helped to make up for what was lacking in the instruction at the time of the comment.

If an error is so prejudicial that there is a reasonable probability that the verdict would have been different had the error not been committed, we will reverse a verdict. State v. Ybarra, 97 Ariz. 200, 398 P.2d 905 (1965), and State v. Zumwalt, 7 Ariz.App. 348, 439 P.2d 511 (1968). We do not find such a serious error here, and we find beyond a reasonable doubt that it was harmless error, Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The trial court instructed the jury that there was no evidentiary basis for the remark and later instructed the jury to disregard remarks of counsel which had no basis in the evidence.

The trial judge instructed the jury that aggravated battery and battery were lesser included offenses within robbery. Defense counsel did not object to this instruction and the jury brought in a verdict of guilty of battery.

On appeal, the defendant maintains that this instruction was error and that due process was denied by the conviction of battery on an information which originally charged robbery.

A fundamental element of due process of law is that an accused be ad-

vised of the charges against him. An opportunity to prepare and present his defense without facing conviction of a crime of which he has no notice is an essential right for the criminal defendant. Cole· v. Arkansas, 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644, 647 (1948).

This notice function is satisfied if the lesser offense of which a criminal defendant is found guilty is included within the greater crime charged. The test to determine whether one offense is included within another is "whether the first offense cannot be committed without necessarily committing the second." State v. Westbrook, 79 Ariz. 116, 285 P.2d 161, 53 A.L.R.2d 619 (1954), and State v. Sutton, 104 Ariz. 317, 452 P.2d 110 (1969).

Robbery is defined by A.R.S. § 13–641 as "the felonious taking of personal property in the possession of another from his person, or immediate presence, and against his will, accomplished by means of force or fear." Battery is "a wilful and unlawful use of force or violence upon the person of another." A.R.S. § 13–241, subsec. B.

A robbery can be accomplished without an actual application of force or violence. A robbery can be accomplished by means of fear which is not an element of battery. Though some robberies may include battery, clearly all do not.

If the information had charged Branch with force in accomplishing the robbery, the constitutional requirement of notice might have been complied with, but it did not as the language below shows:

"The said WILLIE BRANCH on or about the 11th day of May, 1969, and before the filing of this information at and in the County of Maricopa, State of Arizona, robbed * * *, all in violation of A.R.S. 13–641 · and Sec. 13–643, as amended 1967 contrary to the form, force and effect of the statute in such cases made and provided and against the peace and dignity of the State of Arizona." ·

The state contends that even if we should find that the conviction of battery was in error, the defendant waived his right to object to his conviction since there was no objection to the instructions in question at trial.

We cannot agree, for we find that it was fundamental error for the trial judge to have instructed the jury that battery was a lesser included offense within robbery.

Where fundamental error is present, justice requires that the entire record be carefully examined, even though proper objection was not made in the trial court. As this Court stated in State v. Pulliam, 87 Ariz. 216, 349 P.2d 781 (1960), "fundamental error is such error as goes to the foundation of the case, or which takes from a defendant a right essential to his defense." The right to have notice of the offense charged is an essential right of the defendant, and he may not be convicted of an offense which does not fall within the charge.

The judgment and sentence for battery is reversed, and a judgment of acquittal is entered as to that charge.

Finding no error as to the other cause in which the defendant was convicted of aggravated battery and sentenced to confinement, the judgment and sentence for aggravated battery is affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur..