610 P.2d 1045

**STATE of Arizona, Appellee,**

v.

**Phillip Miles LAFFOON, Appellant.**

**No. 4882.**

Supreme Court of Arizona,
En Banc.

April 21, 1980.

Rehearing Denied May 13, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael L. Green, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Appellant was convicted of attempted second degree murder and sentenced to ten years in the state prison. Taking jurisdiction pursuant to 17A A.R.S. Rules of Supreme Court, rule 47(e)(5), we affirm.

The facts as indicated by the record reveal that appellant reported to work around 6:00 A.M., January 10, 1979, only to find that he had been fired. Upset because of the firing, appellant then spent most of the day and evening in various bars drinking. Appellant also admitted injecting heroin twice during the day.

At approximately 9:30 P.M., appellant left the bar and went looking for his wife at the house of Gloria Rector, his sister. Mrs. Laffoon was not there when appellant arrived but she came in shortly thereafter. Present in the house at that time were Mr. and Mrs. Rector and their children, Mrs. Laffoon, and Regina Laffoon, appellant's five-week-old baby daughter who was asleep in the bedroom.

Appellant became boisterous and instigated a fight after accusing his wife of seeing other men. Appellant kicked his wife and when he again tried to kick his wife, he missed and kicked his sister. At that point Mr. Rector interceded, Mrs. Rector hit appellant over the head with a lamp, and Mrs. Laffoon ran out of the house.

Appellant went outside and called for Mrs. Laffoon to come out of hiding because appellant wanted to leave. When Mrs. Laffoon did not appear, appellant went back in the house, picked up little Regina, and again went outside.

According to the testimony of numerous witnesses, appellant called for Mrs. Laffoon and threatened to kill the baby if she did not come out of hiding. At least seven eyewitnesses testified that appellant held the baby over his head with both hands and slammed the five-week-old infant to the ground.

The most serious of the baby's injuries included six broken ribs, a skull fracture, subarachnoid hemorrhaging, and a bruised kidney. When the child arrived at the hospital she was in critical condition and in grave danger of dying but because of the actions of the police officer who administered first aid and the care received at the hospital, Regina recovered from her injuries. Testimony from the baby's physician indicated that permanent brain damage is possible but can only be diagnosed by observing the child as she grows and develops.

The indictment charged appellant with attempted first degree murder and appellant raised the issue of lack of capacity to form specific intent because of alcohol and heroin intoxication. Appellant did undergo psychiatric examination under Rule 11 of the Arizona Rules of Criminal Procedure but did not enter an insanity defense.

I

Appellant contends the trial judge abused his discretion by failing to grant appellant's third motion to continue trial. Appellant's first motion to continue was granted and appellant was allowed 15 days to complete interviews with all witnesses and to investigate possible defenses. Appellant's second motion to continue was granted and appellant was allowed five additional days to further explore possible defenses with respect to his psychiatric examination. Appellant's third motion to continue was denied on April 2, 1979, and the case proceeded to trial on that date.

A motion to continue will be granted upon a "showing that extraordinary circum-

stances exist and that delay is indispensible to the interests of justice." 17 A.R.S. Rules of Criminal Procedure, rule 8.5(b). A motion to continue will not be granted as a matter of right but will be left to the sound discretion of the trial judge. *State v. Myers,* 117 Ariz. 79, 570 P.2d 1252 (1977), *cert. denied,* 435 U.S. 928, 98 S.Ct. 1498, 55 L.Ed.2d 524 (1978); *State v. McWilliams,* 103 Ariz. 500, 446 P.2d 229 (1968). In *State v. Jackson,* 112 Ariz. 149, 154, 539 P.2d 906, 911 (1975), we said:

> The trial judge has this discretion because he is the only unbiased party to an action in a position to observe the proceeding with an unjaundiced eye. He can observe whether any actual or supposed prejudice exists which would necessitate a continuance.

The trial court's decision will not be disturbed unless there is a clear abuse of discretion and prejudice results. *State v. Blodgette,* 121 Ariz. 392, 590 P.2d 931 (1979). We note the record indicates that the third continuance was sought so that appellant could undergo an electroencephalogram as part of the defense effort to prove lack of specific intent. Since the fruits of such an investigation would not be admissible to prove lack of specific intent, *see State v. Schantz,* 98 Ariz. 200, 403 P.2d 521 (1965), *cert. denied,* 382 U.S. 1015, 86 S.Ct. 628, 15 L.Ed.2d 530 (1966), it is obvious there was no abuse of discretion by the trial court.

## II

■ Appellant next asserts that the trial judge improperly refused to permit psychiatric testimony relating to appellant's ability to form specific intent.

The *M'Naghten* test for insanity is the sole standard for criminal responsibility in Arizona. A.R.S. § 13–502. In *State v. Schantz, supra,* we carefully considered and rejected the theory of diminished responsibility which allows evidence of mental disease or defect, not constituting insanity under M'Naghten, to be admitted for the purpose of negating criminal intent. *State v. Narten,* 99 Ariz. 116, 407 P.2d 81 (1965),

*cert. denied,* 384 U.S. 1008, 86 S.Ct. 1985, 16 L.Ed.2d 1021 (1966). Since the legislature has not seen fit to provide for a defense of diminished responsibility, we have consistently declined to allow psychiatric testimony to negate specific intent. *State v. Steelman,* 120 Ariz. 301, 585 P.2d 1213 (1978); *State v. Briggs,* 112 Ariz. 379, 542 P.2d 804 (1975); *State v. Intogna,* 101 Ariz. 275, 419 P.2d 59 (1966); *State v. Narten, supra; State v. Schantz, supra.*

■ The legislature has enacted A.R.S. § 13–503 which allows the jury to consider the effects of voluntary intoxication upon a defendant's culpable mental state. When determining criminal responsibility, *State v. Ganster,* 102 Ariz. 490, 433 P.2d 620 (1967); *State v. Korte,* 115 Ariz. 517, 566 P.2d 318 (App.1977), the jury may consider voluntary intoxication not as a defense but as it relates to the ability to form specific intent. Although a jury may consider intoxication, wholly voluntary acts of a defendant will not excuse his subsequent criminal conduct. *State v. Cooper,* 111 Ariz. 332, 529 P.2d 231 (1974).

The effect of alcohol voluntarily induced is an area within the common knowledge and experience of the jury, *State v. Means,* 115 Ariz. 502, 566 P.2d 303 (1977), and therefore no expert testimony is needed to "assist the trier of fact to understand the evidence." 17A A.R.S. Rules of Evidence, rule 702. Psychiatric testimony relating to appellant's ability to form specific intent was properly refused.

## III

■ Appellant contends the trial judge erred by refusing to admit psychiatric testimony of blackouts resulting from voluntary intoxication on the issue of the voluntariness of statements made after appellant's arrest. We cannot agree.

After a lengthy voluntariness hearing the trial judge ruled that appellant's post-arrest statements were made voluntarily and therefore were admissible at trial. The trial judge precluded a psychiatrist from testifying at the trial concerning the effects of drugs and alcohol on appellant's mental ca-

pacity to understand the meaning of any statements made to the police.

The mere fact of intoxication does not render a statement inadmissible. The defendant must be so intoxicated that he is unable to understand the meaning of his statements. *State v. Arredondo*, 111 Ariz. 141, 526 P.2d 163 (1974). If the trial judge is satisfied that under the totality of the circumstances the defendant was able to reason, comprehend, or resist, the statements are to be admitted. *State v. Goff*, 25 Ariz.App. 195, 542 P.2d 33 (1975). It is then for the jury to decide the truth or falsity of the statements and the weight to be given to them. *State v. Clark*, 102 Ariz. 550, 434 P.2d 636 (1967).

We note that a review of the record discloses little evidence that appellant suffered from any blackouts. Appellant testified about events of the day leading up to the incident, claimed no memory of throwing the baby down but then remembered almost all of what happened to him afterward. Since the effects of alcohol intoxication lie within the common knowledge and experience of the jury and since little credible evidence existed to demonstrate that appellant suffered from blackouts, the trial judge properly refused the general psychiatric testimony relating to alcohol induced blackouts.

## IV

The trial judge refused to give an instruction on aggravated assault as a lesser included offense of attempted murder which appellant contends was error.

Although appellant's act may have constituted aggravated assault in violation of A.R.S. § 13–1204(A)(4), the indictment charged him with violating A.R.S. §§ 13–1105 and 13–1001, attempted first degree murder. The test of a lesser included offense is whether the first (greater) offense cannot be committed without necessarily committing the second (lesser) offense. *State v. Jackson*, 121 Ariz. 277, 589 P.2d 1309 (1979); *Appeal in Maricopa County Juvenile Action No. J–75755*, 111 Ariz. 103,

523 P.2d 1304 (1974). *See also State v. Dugan*, 125 Ariz. 194, 608 P.2d 771 (1980). A defendant need not necessarily commit assault when attempting murder since murder may be attempted without committing physical injury or placing another in reasonable apprehension of harm.

The elements of the crime as prescribed in the statute determine whether a crime is a lesser included offense of a greater offense, not the facts of a given case. *See State v. Branch*, 108 Ariz. 351, 498 P.2d 218 (1972). Often facts may support another lesser conviction but if not charged in the indictment, the lesser offense may not be found. 17 A.R.S. Rules of Criminal Procedure, rule 13.2(c). The instruction was properly refused.

## V

Finally, appellant claims the jury was improperly instructed on the degree of intoxication necessary to negate specific intent. The language of the instruction was taken from a recent Illinois case, *People v. Proper*, 68 Ill.App.3d 250, 24 Ill.Dec. 741, 385 N.E.2d 882 (1979). While the language therein does not comport with the language we have approved previously, *see State v. Magby*, 113 Ariz. 345, 554 P.2d 1272 (1976); *State v. Contreras*, 107 Ariz. 68, 481 P.2d 861 (1971); *State v. Saunders*, 102 Ariz. 565, 435 P.2d 39 (1967); *State v. Hudson*, 85 Ariz. 77, 331 P.2d 1092 (1958), different phraseology alone is insufficient to constitute reversible error. *State v. Kelley*, 110 Ariz. 196, 516 P.2d 569 (1973).

The judgment of conviction and the sentence are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.