624 P.2d 342

The STATE of Arizona, Appellee,

v.

Bill Terry ROBERTSON, aka John Roberson, Appellant.

No. 2 CA–CR 2112.

Court of Appeals of Arizona, Division 2.

Dec. 31, 1980.

Rehearing Denied Feb. 4, 1981.

Review Denied Feb. 18, 1981.

---

Robert K. Corbin, Atty. Gen., by William J. Schafer, III, and Gary A. Fadell, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender, by Barry J. Baker Sipe, Asst. County Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

■ The main issue in this case is whether shoplifting is a lesser included offense of theft under the new criminal code.

Appellant entered Daniels Jewelers in Tucson with a companion and asked to see a diamond ring in the $2,000 price range. He was handed a ring valued at $1,895 and after examining it for a moment, said he wanted to show it to someone who was passing the store. He left the store and began running from the pursuing store personnel. He was subsequently stopped, arrested and indicted for theft of property over $1,000.

He contends the trial court erred in refusing to submit a form of verdict for shoplifting. In *State v. Laffoon*, 125 Ariz. 484, 610 P.2d 1045 (1980), the court stated:

"The test of a lesser included offense is whether the first (greater) offense cannot be committed without necessarily committing the second (lesser) offense. (Citation omitted) . . .

\* \* \* \* \* \*

The elements of the crime as prescribed in the statute determine whether a crime is a lesser included offense of a greater offense, not the facts of a given case." 125 Ariz. 484, 610 P.2d at 1048.

The crime of theft is described, inter alia, in A.R.S. Sec. 13-1802:

"A. A person commits theft if, without lawful authority, such person knowingly:

1. Controls property of another with the intent to deprive him of such property . . ."

# 147

The crime of shoplifting is found in A.R.S. Sec. 13–1805:

"A. A person commits shoplifting if, while in an establishment in which merchandise is displayed for sale, such person knowingly obtains such goods of another with the intent to deprive him of such goods by:

1. Removing any of the goods from the immediate display or from any other place within the establishment without paying the purchase price ..."

As can be seen, theft can be committed without committing the crime of shoplifting. For example, if a person steals a television set from a residence, he is guilty of theft but not of shoplifting since the property involved in shoplifting must be merchandise displayed for sale and the removal must occur in an establishment displaying such merchandise.[1]

■ Appellant raises two other issues. First he contends there was insufficient evidence for the court to find him guilty of two prior offenses which were alleged to enhance his punishment under A.R.S. Sec. 13–604(D). We do not agree. Both crimes occurred in Texas, one for attempted burglary of a habitation and the other for robbery. While he admitted the convictions appellant was never asked by the trial court nor did he admit that the convictions would have been felonies if committed in Arizona. See A.R.S. Sec. 13–604(I). We take judicial notice of the laws of Texas, Secs. 29.02 (robbery); 15.01 (attempt) and 30.02 (burglary), from Vernon's Texas Codes Annot.[2] Appellant's Texas convictions were for crimes committed in 1974 and 1976 and were felonies under Arizona law as it existed at that time. See A.R.S. Secs. 13–108 (attempt); 13–302 (burglary); and 13–641 (robbery).

Appellant contends his admissions of the prior convictions were invalid because the court did not comply with Rule 17.2, Arizona Rules of Criminal Procedure, 17 A.R.S., since he was never advised of his right against self-incrimination.[3] We do not agree.

■ The issue of admitting prior convictions and the procedure to be followed therein was faced in State v. Nieto, 118 Ariz. 603, 578 P.2d 1032 (App.1978). In Nieto, the defendant claimed that the trial court did not follow the mandates of Rule 17.6. The court reiterated the Boykin safeguards, Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), of which a defendant must be informed by the trial court prior to accepting admissions of prior convictions: (1) The right to a jury trial; (2) the right to confront one's accusers; and (3) the privilege against self-incrimination. A review of the record establishes that appellant was advised of his right to a jury trial and his right to cross-examine witnesses. The trial court, by informing appellant of his rights not to present evidence and not to undertake to prove his innocence, implicitly advised him of his privilege against self-incrimination. Furthermore, appellant must have been fully aware of his privilege against self-incrimination because like the defendant in Nieto, appellant never took the stand to testify in his own behalf. He was also present when the trial court instructed the jury on his right not to testify and the conclusion to be drawn from this decision. As did the court in Nieto, we find it inconceivable that appellant was ignorant of his privilege against self-incrimination.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.

---

1. In State v. White, 118 Ariz. 279, 576 P.2d 138 (App.1978), we held that shoplifting was not a lesser included offense of larceny under the criminal code as it existed prior to its extensive revision on October 1, 1978.

2. See State v. Smith, 125 Ariz. 412, 610 P.2d 46 (1980), and State v. Smith, 127 Ariz. 534, 617 P.2d 42 (App.1980).

3. Since appellant did not make the admissions while testifying on the stand, Rule 17.2 must be followed. Rule 17.6, Arizona Rules of Criminal Procedure, 17 A.R.S.