635 P.2d 870

The STATE of Arizona, Appellee,

v.

Jose Ygnacio TERAN, Appellant.

No. 2 CA–CR 2199.

Court of Appeals of Arizona, Division 2.

July 15, 1981.

Rehearing Denied Sept. 4, 1981.

Review Denied Sept. 29, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Jessica Gifford, Asst. Attys. Gen., Phoenix, for appellee.

Barry J. Baker Sipe, Asst. Public Defender, Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

Appellant was convicted of theft of property with a value of more than $100 but not more than $1,000. He admitted two prior felony convictions and was given the presumptive sentence of 10 years imprisonment.

His appeal presents only one issue, whether the trial court erred in refusing his requested lesser offense instruction and verdict form on shoplifting.

The property involved was a color television set taken from a drug store in Tucson where it was regular merchandise displayed for sale.

Appellant was tried and convicted under the statutory definition of theft that, without lawful authority, he knowingly controlled the property of another with the intent to deprive such other person of such property. A.R.S. § 13–1802(A)(1).

Shoplifting is defined in A.R.S. § 13–1805(A)(1) as:

"A. A person commits shoplifting if, while in an establishment in which merchandise is displayed for sale, such person knowingly obtains such goods of another with the intent to deprive him of such goods by:

1. Removing any of the goods from the immediate display or from any other place within the establishment without paying the purchase price."

We held in *State v. Robertson*, 128 Ariz. 145, 624 P.2d 342 (App.1980), that shoplifting is not a lesser included offense of theft and we adhere to that decision. However, appellant argues that shoplifting should nevertheless have been submitted to the jury since it is appellant's "theory of the case". He urges that where the evidence reasonably supports the commission of an offense other than the one charged, as it does in this case, he should be entitled to have the jury decide between the two offenses.

Appellant relies first upon *State v. Reynolds*, 11 Ariz.App. 532, 466 P.2d 405 (1970). In that case the court was concerned with a charge of theft and a requested instruction on receiving stolen property. If the defendant was guilty of receiving stolen property, then he could not have been guilty of theft. The court found that the two separate offenses were mutually exclusive. For these reasons the defendant was entitled to have the jury's determination on his claim that if he was guilty, it was of receiving stolen property only and not theft. The decision is easily distinguished from the present case. The offenses of theft and shoplifting are not mutually exclusive. Under the facts of the instant case, a finding that appellant was guilty of shoplifting would not mean that he was innocent of the theft charge. To the contrary, a finding of guilty on shoplifting would mean that he was also guilty of theft.

As further support appellant cited *People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1974) and *United States v. Johnson*, 637 F.2d 1224 (9th Cir. 1980). In essence these two cases both hold that where the evidence supports an offense other than one which is lesser included by generally accepted methods of determination, the defendant is entitled to have that crime submitted to the jury.

In *Rivera*, the Supreme Court of Colorado reversed a conviction of assault with intent to commit murder because the trial court failed to give an instruction and verdict form on the crime of assault with a deadly weapon. The court found that the evidence left little doubt that the defendant shot a gun, but there was some doubt as to his intent. For that reason, the requested in-

struction and verdict form were found to be particularly appropriate.

Similarly, in *Johnson* the court of appeals reversed a conviction of assault resulting in serious bodily injury because the trial court refused to submit assault with a dangerous weapon with intent to do bodily harm. The appellate court found that a jury question existed on the element of serious bodily injury and that the evidence supported the giving of the lesser offense instruction even though the crime of assault with a dangerous weapon was not necessarily included in the crime charged.

We are not bound to follow these decisions and decline to do so.

■ The test to determine if an offense is a lesser included one is whether the greater crime cannot be committed without necessarily committing the lesser. *State v. Caudillo*, 124 Ariz. 410, 604 P.2d 1121 (1980). There are two circumstances under which this may occur:

1) the included offense is by its very nature always a constituent part of the major offense charged, or

2) the terms of the charging document describe the lesser offense even though the lesser offense would not always form a constituent part of the major offense charged. *Id.*

To determine if the first circumstance exists the court must examine the elements of the offenses. If the offense charged does not contain all the elements of the other and at least one more, then the other offense is not included. For example, assault is always a lesser offense of aggravated assault by examination of the statutory definitions of each.

The second circumstance may exist where, even though the lesser offense contains an element which is not, by definition, always an element of the greater, since the element has been alleged in the charging document, the offense is lesser included. An illustration is found in *State v. Hanks*, 58 Ariz. 77, 118 P.2d 71 (1941):

"... [A] conviction of an assault with a deadly weapon, an offense not necessarily included in an assault with intent to commit murder, since the latter may be committed otherwise than by the use of a deadly weapon, has always been upheld where the indictment or information charges an assault with a deadly weapon with intent to commit murder." *Id.* at 81, 118 P.2d at 73.

Since theft can be committed without committing shoplifting, the latter is not a lesser included offense.

Arizona does not require the giving of an instruction and verdict form where the above test is not satisfied under one of the two circumstances discussed. The test which determines the appropriateness of a lesser included instruction and verdict form by an analysis of the facts of a given case, i. e., the evidentiary test found in *Rivera* and *Johnson*, is not followed in Arizona. *State v. Laffoon*, 125 Ariz. 484, 610 P.2d 1045 (1980). *See State v. Branch*, 108 Ariz. 351, 498 P.2d 218 (1972).

In *Branch* the Supreme Court found fundamental error in the giving of a lesser included instruction requested by the state where the "lesser" offense did not meet the test under either of the two accepted methods. *Laffoon* follows *Branch* even though the instruction and verdict form were requested by the defendant. We hold that *Laffoon* is controlling despite appellant's "theory of the case" argument.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.