638 P.2d 728

The STATE of Arizona, Appellee,

v.

Robert Navarrette BETANCOURT, Appellant.

No. 2 CA-CR 2295.

Court of Appeals of Arizona, Division 2.

Sept. 22, 1981.

Rehearing Denied Nov. 5, 1981.

Review Denied Dec. 8, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Robert L. Murray, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted of armed robbery. A surveillance camera located at the convenience mart where the robbery took place caught appellant in the act. His sole defense was lack of specific intent due to voluntary ingestion of LSD. He claims the trial court committed reversible error when it refused to allow his medical witness to testify to the effect of LSD upon the average human. We agree.

Evidence of voluntary intoxication is admissible only to negate a particular culpable mental state. A.R.S. § 13–503; (prior to amendment on April 23, 1980). It is admissible to negate the specific intent required by the crime of robbery. *State v. Broad Foot*, 115 Ariz. 537, 566 P.2d 685 (1977). While a psychiatrist cannot testify as to whether a state of voluntary intoxication would preclude the formation of the required specific intent, *State v. Briggs*, 112 Ariz. 379, 542 P.2d 804 (1975), this does not mean that an expert witness cannot testify as to the effects of an intoxicant upon the body, generally. If the effects of the intoxicant are within common knowledge and experience, the trial court does not err in precluding such expert testimony. *State v. Laffoon*, 125 Ariz. 484, 610 P.2d 1045 (1980); *State v. Means*, 115 Ariz. 502, 566 P.2d 303 (1977). Here the intoxicant was not alcohol as was the case in *Laffoon* and *Means*. We do not believe that the effect of LSD on the human mind is necessarily within the common experience and knowledge of the jury.

The state contends any error in rejecting this evidence was not prejudicial since appellant and his friends testified

about its effect. We do not believe such testimony carries the same weight as that of a supposedly disinterested medical witness.

Reversed and remanded for new trial.

HATHAWAY, C. J., and BIRDSALL, J., concur.