670 P.2d 1226

**The STATE of Arizona, Appellee,**

v.

**Daniel ARVIZU, Appellant.**

**No. 2 CA–CR 2955.**

Court of Appeals of Arizona,
Division 2.

Oct. 14, 1983.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Nat Schaye, Tucson, for appellant.

OPINION

BIRDSALL, Judge.

The appellant was convicted of burglary and theft from the Montgomery Ward Auto Center in Tucson. His appeal presents only two issues: (1) Should the auto stereo parts taken from the store and found in the trunk of "his" car have been suppressed, and (2) should the tape of the statement he gave the police have been admitted?

The latter issue has a somewhat different twist since the appellant sought to have the exhibit admitted and the trial court granted the state's motion to exclude it. We hold that ruling requires reversal.

The facts are rather straightforward. The police found the appellant inside the store at 3:30 a.m. A codefendant was outside where he was seen loading objects into the trunk of an automobile. A window of the store had been broken. Since the car trunk lid was partially open, the officers were able to observe the merchandise inside. The appellant was intoxicated—the degree of his intoxication and its effect on his ability to have the intent necessary for burglary and theft were questions for the jury. The appellant and his accomplice were arrested at the scene and taken to the station house where the appellant gave the recorded statement at 6:20 a.m. The car was not searched at the scene. It was also taken to the police lot where it was subsequently searched without a warrant. The appellant signed a "consent to search" the car. Other facts are contained in the discussion following.

## THE STATEMENT

■ Caught in the act, as he was, intoxication was the appellant's only hope. Where relevant, an accused has a right to present all pertinent evidence of intoxication. See e.g., *State v. Betancourt,* 131 Ariz. 61, 638 P.2d 728 (App.1981); *People v. Counts,* 318 Mich. 45, 27 N.W.2d 338 (1947); *State v. Gullett,* 606 S.W.2d 796 (Mo.App. 1980); *Sartin v. State,* 610 P.2d 262 (Okla. Cr.App.1980).

■ In determining whether or not a reasonable doubt of the fact or extent of intoxication exists, the jury may consider all relevant factors. These factors include evidence of his conduct before the act, the act itself, and his subsequent conduct. *State v. Gullett,* supra. This was the purpose for offering the tape recording. Even though it was inculpatory, the appellant

admitted being in the store, the appellant argued that it was evidence showing the degree of his intoxication. According to him the jury could tell by listening to his voice and his responses that he was still very intoxicated three hours after the arrest. Where the trial court precludes a defendant from presenting such evidence, reversal is required. See *Gallegos v. People,* 159 Colo. 379, 411 P.2d 956 (1966); *Commonwealth v. Graves,* 461 Pa. 118, 334 A.2d 661 (1975); *State v. Conklin,* 79 Wash.2d 805, 489 P.2d 1130 (1971); *State v. Keeton,* 272 S.E.2d 817 (W.Va.1980).

The state argues that the trial court found the tape did not show the appellant was "so intoxicated" the appellant did not know what he was doing. From this the state contends the trial court could exercise discretion and refuse the admission of the exhibit. It is not the function of the trial court to weigh the evidence. Neither is it our function, although we have listened to the tape and are unable to understand how the trial court reached that conclusion. The tone of the appellant's voice, the nature of his responses and the general context of the statement appear to be at least some evidence which together with the other abundant evidence presented might create a reasonable doubt of appellant's ability to specifically intend to commit a theft.

■ We reject the state's other contentions—that the tape was inadmissible hearsay and that the trial could reject it because it contained deliberate falsehoods. It is not hearsay because it was not offered to prove the truth of the words spoken. The state argues that if such evidence is held to be admissible the door is opened to admit intentionally deceptive statements. See Hinton, "States of Mind and the Hearsay Rule," 1 U.Chi.L.Rev. 394 (1933), and Morgan, "Hearsay Dangers and the Application of the Hearsay Concept," 62 Harv.L.Rev. 177 (1948). The scholarly discussions in these articles are inapposite since they do not address the purpose for which this tape was admissible, namely, permitting the jury

to hear the appellant's voice, captured on tape, at a time reasonably near the time of the incident.

## DENIAL OF THE MOTION TO SUPPRESS

 The stolen merchandise removed from the trunk of the car was lawfully seized by the police without a warrant. The police had ample probable cause to search the car. Not only did they see the codefendant at the open trunk of the car and the goods inside the partially open trunk, but they also found evidence of forcible entry into the store and appellant inside the store at 3:30 a.m. *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *Michigan v. Thomas,* 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982); *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). It does not matter that the search and seizure occurred at the police lot rather than at the scene. *Michigan v. Thomas,* supra. See also *Illinois v. LaFayette,* —— U.S. ——, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983); and see the inventory search case, *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). The items found in the trunk may be admitted in evidence in the retrial of the case.

Reversed and remanded.

HOWARD, C.J., and HATHAWAY, J., concur.