NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

BRYAN CHAVEZ, *Appellant.*

No. 1 CA-CR 12-0302
FILED 4-8-2014

---

Appeal from the Superior Court in Mohave County
No. S8015CR-2011-00610
The Honorable Steven F. Conn, Judge

**VACATED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice M. Jones
*Counsel for Appellee*

Mohave County Appellate Defender, Kingman
By Jill L. Evans
*Counsel for Appellant*

-----

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Chief Judge Diane M. Johnsen joined.

-----

**B R O W N,** Judge:

¶1        Bryan Chavez appeals his conviction and sentence for one count of criminal trespass, a class 6 felony.  For the following reasons, we vacate his conviction and sentence.

## BACKGROUND

¶2        Chavez and the victim were neighbors, and Chavez invited the victim to socialize on a few occasions, but she always declined.  Late one evening, the victim was out with her friends and became sick.  A friend took the victim back to the victim's apartment, placed her on the couch, and left.  After the friend left, the victim heard a knock at the front door but did not answer.  Shortly thereafter, the victim awoke to find Chavez sitting next to her on the couch touching her breast, trying to pull down her pants, and asking if she wanted to touch him.  The victim was initially unable to verbally respond to Chavez, but after her dog climbed onto the couch and started to bark, the victim screamed.  Chavez left and the victim called her mother.  Although the victim was reluctant to contact the police, her mother reported the incident two days later.  The State subsequently indicted Chavez for one count of burglary in the second degree, a class 3 felony, and one count of sexual abuse, a class 5 felony.

¶3        At trial, Chavez testified that he saw a person leave the victim's home and he immediately knocked on the victim's front door.  After receiving no response, he walked around to the back of the victim's residence, unimpeded by fencing or other barrier, and saw the victim through a sliding glass door.  Chavez opened the sliding door and, without entering, shouted the victim's name repeatedly, with no response.  Upon opening the door, Chavez immediately smelled vomit and urine and, because the victim was unresponsive, he entered the residence and shook the victim's shoulder while shouting her name.  Eventually, the victim responded and asked Chavez, somewhat incoherently, to leave, which he did.

¶4        Following the presentation of evidence, when discussing final jury instructions, the court outlined the instructions it planned to give, including those relating to burglary and sexual abuse. The court then *sua sponte* raised the issue whether a criminal trespass instruction should be given:

> On the possibility of trespass – and it may be that I don't need to even have this discussion; but it seems that there's a factual issue as to whether the defendant had the intent to make this into a burglary. The cases make it very clear that trespass is not a lesser-included offense within burglary, and the cases that address that, I think, are cases where the defense requested trespass as a lesser included and were not given it at the trial level and the appellate courts upheld that decision. The two other cases that I cited to counsel informally, talk about cases where trespass was given as a lesser included, and there's no discussion as to whether that was a mistake. I'm kind of assuming that those were cases in which the parties agreed that trespass would be given as a lesser included. So, I'm open to suggestions, but I'm secretly hoping that you all agree on what to do with any trespass issue.

¶5        The court asked the prosecutor whether he had anything he "want[ed] to place on the record . . . regarding the instructions or forms of verdict" and he stated he did not. The court likewise inquired whether defense counsel had anything he wanted to place on the record and the following exchange occurred:

> DEFENSE COUNSEL:   I do believe that the Portillo[1] instruction unnecessarily unduly waters down the reasonable doubt instruction, so I would object to that instruction.
>
> COURT:  All right. Go ahead and make all your record; then I'll address it at the end.
>
> DEFENSE COUNSEL:   And then, your honor, I would address the lesser included offense of criminal trespass under [Arizona Revised Statutes section] 13-1504(A)(1).

---

[1]       *State v. Portillo*, 182 Ariz. 592, 898 P.2d 970 (1995).

COURT:  Let me just ask, [prosecutor], do you object to my instructing the jury on criminal trespass in the first degree?

PROSECUTOR:  No, your honor.

COURT:  All right, so if we're in agreement on that, then I think we fall into the second area of cases where – and I don't know how comfortable I'd feel stating this on the record, but I guess we fall under the category where if everyone agrees that we will do something that is probably improper, that's okay; and I'm just making sure that this is clear, in case any Court of Appeals in the future is listening to this thinking, well, why did Judge Conn, after citing the cases that say trespass is not a lesser included, go ahead and give an instruction; is he a complete idiot, or what?  So apparently, you all are agreeing that I will instruct the jury on criminal trespass in the first degree as a lesser included.  So that will change a couple things[.]

¶6        The jury acquitted Chavez of sexual abuse and either acquitted or could not unanimously agree on burglary in the second degree, but convicted him of criminal trespass as a "lesser-included offense" of burglary in the second degree.  The court imposed three years' probation with a condition to serve ninety days in jail.  Chavez timely appealed.

## DISCUSSION

¶7        In response to this court's request for supplemental briefing on the issue, Chavez argues criminal trespass is not a lesser-included offense of burglary, meaning the trial court erred in instructing the jury on that charge.[2]  Because Chavez did not object to the criminal trespass instruction, we review for fundamental error only.  *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005).  To prevail on fundamental

---

[2]      On the court's own motion, we also requested that the parties address, in supplemental briefing, whether the trial court fundamentally erred in giving the criminal trespass jury instruction.  *See State v. Fernandez*, 216 Ariz. 545, 554, ¶ 32, 169 P.3d 641, 650 (App. 2007) ("Although we do not search the record for fundamental error, we will not ignore it when we find it.").

error review, Chavez must show "both that fundamental error exists and that the error in his case caused him prejudice[.]" *Henderson*, 210 Ariz. at 567, ¶ 20, 115 P.3d at 607.

**¶8** On appeal, the State concedes that criminal trespass is not a lesser-included offense of burglary in the second degree under the "elements" test.[3] *See State v. Malloy*, 131 Ariz. 125, 130-31, 639 P.2d 315, 320-21 (1981). The State also concedes that the indictment did not charge Chavez with criminal trespass. *See State v. Kozan*, 146 Ariz. 427, 429, 706 P.2d 753, 755 (App. 1985).

**¶9** The law is clear that a "person cannot be convicted of an offense not charged against him by indictment or information." *State v. Rogers*, 113 Ariz. 6, 8, 545 P.2d 930, 932 (1976). "When the elements of one offense materially differ from those of another – even if the two are defined in subsections of the same statute – they are distinct and separate crimes." *State v. Freeney*, 223 Ariz. 110, 113, ¶ 16, 210 P.3d 1039, 1042 (2009). Therefore, the trial court erred by giving the criminal trespass instruction and allowing the jury to convict Chavez of an offense with which he was not charged. *See* Ariz. Const. art. II, § 30 ("No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment[.]").

**¶10** The State nonetheless asserts Chavez's conviction should be affirmed because he allegedly requested the erroneous instruction and thus invited the error. "[W]hen a party requests an erroneous instruction, any resulting error is invited and the party waives his right to challenge the instruction on appeal." *State v. Logan*, 200 Ariz. 564, 565, ¶ 8, 30 P.3d 631, 632 (2001). "If an error is invited, we do not consider whether the alleged error is fundamental[.]" *Id*. at ¶ 9. "The purpose of the doctrine is to prevent a party from 'inject[ing] error in the record and then profit[ing] from it on appeal.'" *Id*. at 566, ¶ 11, 30 P.3d at 633 (quoting *State v. Tassler*, 159 Ariz. 183, 185, 765 P.2d 1007, 1009 (App. 1988)). "We achieve that purpose by looking to the source of the error, which must be the party

---

[3]     Pursuant to Arizona Revised Statutes (A.R.S.) section 13-1507(A), a person commits burglary in the second degree "by entering or remaining unlawfully in or on a residential structure *with the intent to commit any theft or any felony therein*." (Emphasis added.) By contrast, "[a] person commits criminal trespass in the first degree by *knowingly* entering or remaining unlawfully in or on a residential structure." A.R.S. § 13-1504(A)(1) (emphasis added).

urging the error[.]" *Logan*, 200 Ariz. at 566, ¶ 11, 30 P.3d at 633. "Mere acquiescence is insufficient to find invited error; the party must have 'affirmatively and independently initiated the error.'" *State v. Torres*, 233 Ariz. 479, 481, ¶ 7, 314 P.3d 825, 827 (App. 2013) (quoting *State v. Lucero*, 223 Ariz. 129, 138, ¶ 31, 220 P.3d 249, 258 (App. 2009)). As noted in *Lucero*, expanding the invited error doctrine to include acquiescence to error injected by the court "would cast the net too wide, penalizing both parties who intend to build error into the record for strategic purpose along with those who are merely unwitting." 223 Ariz. at 138, ¶ 29, 220 P.3d at 258.

¶11 According to the transcript excerpt quoted above, in responding to the court's question about final instructions, defense counsel stated he "would *address* the lesser included offense of criminal trespass." (Emphasis added.) On appeal, citing the context of the statement, the State contends defense counsel actually said he "would *request* the lesser included offense of criminal trespass." (Emphasis added.) Rather than ask this court to presume the transcript is mistaken, however, the State should have sought to confirm its contention before it filed its supplemental brief by requesting that the record be settled pursuant to Arizona Rule of Criminal Procedure 31.8(h). *See State v. Diaz*, 223 Ariz. 358, 362, ¶ 18, 224 P.3d 174, 178 (2010) (explaining that when the State learned of a possible transcription error, it "could and should have asked the appellate court to employ [Rule 31.8(h)] to clarify what actually occurred" and thereby "better served the goals of timely administering justice and searching for the truth.").

¶12 Although we have discretion to *sua sponte* stay the appeal and remand for clarification of the record, *id.*, a remand is unnecessary because, even accepting the State's "correction" of the transcript, the instruction would not constitute invited error by Chavez. The record reflects that the trial court *sua sponte* suggested to counsel that a criminal trespass instruction would be appropriate given the trial evidence. The court acknowledged that the criminal trespass instruction was not a lesser-included offense of burglary, but suggested the instruction could be given if the parties all agreed. Thus, we reject the State's assertion that Chavez invited the erroneous instruction. *See Logan*, 200 Ariz. at 566, ¶ 11, 30 P.3d at 633 (explaining that, for the doctrine of invited error to apply, the source of the error "must be the party urging the error").

¶13 Alternatively, the State asserts that no fundamental error occurred because Chavez effectively consented to an amendment of the indictment to add a charge of criminal trespass. Arizona Rule of Criminal Procedure 13.5(b) provides that an indictment "may be amended only to

correct mistakes of fact or remedy formal or technical defects, unless the defendant consents to the amendment." Because the rule "implicates several important policy considerations," the Arizona Supreme Court has directed that it be "strictly" limited "to its terms." *Freeney*, 223 Ariz. at 115 n.3, 219 P.3d at 1044 n. 3.

¶14 Nothing in the record suggests that the State sought to amend the indictment. Rather, the court constructively amended the indictment tacitly by instructing the jury on criminal trespass. *See United States v. Daraio*, 445 F.3d 253, 259-60 (3d Cir. 2006) ("An indictment is constructively amended when, in the absence of a formal amendment, the evidence and jury instructions at trial modify essential terms of the charged offense in such a way that there is a substantial likelihood that the jury may have convicted the defendant for an offense different from the offense the indictment returned by the grand jury actually charged."). Such an amendment was not permissible under Rule 13.5(b) absent Chavez's affirmative consent. *See State v. Sanders*, 115 Ariz. 289, 293, 564 P.2d 1256, 1260 (App. 1977) (explaining that because an amendment to an indictment involves "a fundamental element of due process," a defendant must consent to an amendment). In this case, the State never moved to amend the indictment; instead, the purported constructive amendment was initiated *sua sponte* by the court and occurred after the close of evidence without Chavez's affirmative consent, in violation of Rule 13.5(b).

¶15 As explained by our supreme court in *Freeney*, "a violation of Rule 13.5(b) is neither prejudicial per se nor structural error." 223 Ariz. at 114, ¶ 26, 219 P.3d at 1043. Rather, "Rule 13.5(b) is a prophylactic" measure that may "be violated even when the Sixth Amendment notice requirement has been satisfied." *Id*. at 114, ¶ 25, 219 P.3d at 1043. Accordingly, whether the rule violation that occurred here was prejudicial turns on whether Chavez's Sixth Amendment rights were violated. *Id*. at 114, ¶ 25, 219 P.3d at 1043 (explaining "a violation of Rule 13.5(b) does not necessarily equate to an infringement of a defendant's Sixth Amendment rights").

¶16 The Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." The State does not identify nor does our own review of the record reveal anything to suggest Chavez was on notice that the State would seek to convict him of criminal trespass. In *Freeney*, the supreme court found the State's pretrial

disclosures adequately placed the defendant on notice, for both Rule 13.5 and Sixth Amendment purposes, that the State sought to prove the amended charge. 223 Ariz. at 114-15, ¶¶ 26-28, 219 P.3d at 1043-44. Here, however, Chavez had no notice of any criminal trespass charge and reasonably could have believed that the State's failure to prove he intended to commit a felony inside the victim's apartment would result in an acquittal on the burglary charge. *See State v. Branch*, 108 Ariz. 351, 355, 498 P.2d 218, 222 (1972) ("An opportunity to prepare and present his defense without facing conviction of a crime of which he has no notice is an essential right for the criminal defendant."); *see also State v. Sims*, 114 Ariz. 292, 295, 560 P.2d 810, 813 1977) ("Due process requires that an accused be on notice of the offense charged. This is the reason we have the rule that a defendant may be convicted of an offense different from that in the charging document only if it is an included offense or pursuant to the consent of the defendant as provided in Rule 13.5(b)[.]").

**¶17**     Because we conclude Chavez was denied his constitutional right to adequate notice of the offense of which he was ultimately convicted, we vacate his conviction and sentence. *See Branch*, 108 Ariz. at 355, 498 P.2d at 222 (vacating conviction because the trial court fundamentally erred when it gave a lesser-included offense instruction, depriving the defendant of a right essential to his defense); *see also Freeney*, 223 Ariz. at 113, ¶ 26, 219 P.3d at 1042 ("For Sixth Amendment purposes, when a defendant does not receive constitutionally adequate notice of the charges against him, he is necessarily and actually prejudiced."); *State v. Martin*, 139 Ariz. 466, 472, 679 P.2d 489, 495 (1984) (holding it is "inconceiveable" that an error allowing a jury to convict "based on acts not charged" could be harmless); *Larson*, 222 Ariz. at 345, ¶ 18, 214 P.3d at 433 (vacating defendant's conviction and sentence for uncharged offense); *In re Jeremiah T.*, 212 Ariz. 30, 34, ¶¶ 13-14, 126 P.3d 177, 181 (App. 2006) (vacating an adjudication of delinquency for an uncharged offense).[4]

---

[4]     Based on our conclusion that the trial court erred by instructing the jurors on criminal trespass, and that such error was both fundamental and prejudicial, we need not address Chavez's additional arguments that his statements to police officers during their investigation were inadmissible under *Miranda v. Arizona*, 384 U.S. 436 (1966), or that the trial court made improper comments during sentencing. Furthermore, although both parties raise arguments regarding whether retrial is barred by double jeopardy, we leave it to the trial court to decide that issue in the first instance.

## CONCLUSION

**¶18**  Because Chavez was convicted of an uncharged offense, we vacate his conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: MJT